# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE A. HENRY,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | CASE NO. 06cv2266 WQH (AJB)<br><br>**ORDER** |

HAYES, Judge:

　　The matters before the Court are the review of the Report and Recommendation (Doc. # 23); Plaintiff's Motion for Summary Judgment (Doc. #17); and Defendant's Motion for Summary Judgment (Doc. #22).

## BACKGROUND

　　Plaintiff Candice Henry was found disabled effective April 7, 1998 due to degenerative disc disease of her cervical spine. In a hearing decision dated October 22, 2003, an Administrative Law Judge (ALJ) found in a continuing disability review that Plaintiff had experienced a significant medical improvement resulting in her regaining the residual functional capacity to perform the full range of light work and her ability to perform her past relevant work as of June 1, 2002.  The ALJ concluded that Plaintiff was no longer disabled. (AR 23-31).  Plaintiff did not appeal that decision which became final.  20 C.F.R. § 416.1481 (2007).

On July 6, 2005, Plaintiff filed an application for Supplemental Security Income disability benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 423 alleging that she became disabled on April 1998 due to a back injury. Plaintiff's application was denied initially and upon reconsideration by the Social Security Administration. Plaintiff requested a hearing before an Administrative Law Judge.

On January 25, 2006, the ALJ conducted a hearing on Plaintiff's application. On February 8, 2006, the ALJ issued a decision denying Plaintiff's application for benefits. The Appeals Council declined to review the decision of the ALJ.

Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). On August 25, 2008, the Magistrate Judge filed a Report and Recommendation recommending that the Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment.

**FACTS**

At the time of the hearing before the ALJ, Plaintiff was 49 years old. Plaintiff had fourteen years of education and past relevant work as a customer service representative. The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2002, the relevant beginning date in her case. (AR 18). Plaintiff's impairments included cervical disc disease, hypothyrodism, and complaints of headaches and low back pain. (AR 18).

Plaintiff based her disability claim primarily upon cervical neck pain. Plaintiff was involved in a motor vehicle accident in 1998. (AR 15). Plaintiff has degenerative disc disease of her cervical spine for which she underwent an anterior interbody fusion at the C5-6 level in June 1999. An MRI scan of Plaintiff's cervical spine dated October 29, 2003 showed a C3-4 small broad central protrusion causing minimal stenosis; at C4-5 a mild disk bulge and ridging without significant stenosis; a small central disk protrusion at C6-7; and mild disk degeneration at C5-6 and other levels. (AR 156). An MRI of Plaintiff's cervical spine dated March 4, 2005 showed status post cervical C5-6 vertebral fusion; small central protrusion at the C3-4 level which causes minimal central stenosis; disk bulge and spurs in the C6-7 level cause minimal central stenosis; degenerative facet change involves the cervical spine; and

1   mucosal thickening of the sphenoid sinus.  (AR 182-183).

2   The medical records show that Plaintiff began treatment with Roy Springer, M.D. in October 2003.  The record includes treatment notes from Dr. Springer from October 2003 through April 2005 documenting his treatment of the Plaintiff for chronic neck and back pain, shoulder pain, an ankle injury, and thyroid problems. (AR153 - 184).  In a Mental and Physical Capacity evaluation dated January 24, 2006, Dr. Springer indicated that based upon Plaintiff's degenerative disease of lumbar spine, Plaintiff was "limited in movement due to pain," "unable to complete minimal tasks because of pain and/or medication," and "unable to adapt to work like situations." (AR 242).  Dr. Springer assessed Plaintiff's residual functional capacity as capable of standing/walking 0-2 hours in an 8 hour workday; able to sit 0-2 hours in an 8 hour workday; restricted from repetitive hand/finger motions; and never able to lift more than 10 pounds, climb, stoop, kneel.  (AR 243).

3   On April 15, 2005, Plaintiff was examined by consulting orthopedic surgeon Frederick Close, M.D.  Dr. Close reviewed a physical therapy report dated July 14, 2004, X-rays of Plaintiff's right shoulder dated October 20, 2003, and MRI scan dated October 20, 2003.  Dr. Close diagnosed chronic strain of the cervical, thoracic, and lumbar spine; cervical spondylosis status post anterior cervical interbody fusion C5-6; and radicular pain left ribs.  Dr. Close assessed Plaintiff's residual functional capacity as able to sit at least 6-8 hours per day with normal breaks; stand and walk about 6 hours out of 8 hours per day with normal rest breaks; lift and carry 50 pounds occasionally and 25 pounds frequently; limited to no more than frequent bending, stooping, crouching; and no more than occasional flexion, extension and rotational movements. (AR 207-210).

4   At the hearing on January 25, 2006, Victor G. Schorn, M.D., a neurosurgeon, testified as a medical expert.  Dr. Schorn reviewed records from Dr. Springer and Dr. Close and assessed Plaintiff's residual functional capacity as able to lift 10 pounds occasionally, probably less than 10 pounds frequently; avoid ladders, ropes and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and limited to overhead reaching on the right frequently and limited neck motion to 50 percent of the time.  (AR269).

Plaintiff testified at the hearing that her primary doctor was Dr. Springer; that Dr. Springer had prescribed pain medication for her neck and back pain; and that her symptoms included continual pain and spasms. Plaintiff testified that she could not lift more than about 5 pounds; that her pain required her to lay down four or five times a day; that sitting from 0 to 10 minutes would bring on pain; and that she could stand for 0 to 5 minutes before needing to move around. (AR 261-62).

The ALJ found that Plaintiff had the residual functional capacity to lift and carry five pounds frequently and 10 pounds occasionally; stand and/or walk for two hours in an eight hour day; sit for six hours in an eight hour work day; no climbing of ladders, ropes or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching and crawling; occasional overhead reaching with the right upper extremity; occasional flexion, extension and rotational movement of the neck; and avoid concentrated exposure to extreme cold, heat wetness, humidity. (AR 18). The ALJ found that Plaintiff could not perform her past relevant work; that Plaintiff's residual functional capacity did not permit her to perform the full range of sedentary work; but that using the Medical-Vocational Rule 201.21, there were a significant number of jobs in the economy she could perform including receptionist and order clerk. (AR 19).

## CONTENTIONS OF THE PARTIES

Plaintiff contends that the ALJ improperly applied legal standards by rejecting the physical limitations of her treating physician, discounting her testimony regarding her symptoms, and relying upon the testimony of the vocational expert. Plaintiff asserts that the ALJ improperly determined her residual functional capacity and that the decision of the Commissioner was not based upon substantial evidence in the record free of legal error. The Commissioner asserts that the ALJ properly resolved the medical evidence and concluded that Plaintiff did not carry her burden to prove disability.

## APPLICABLE LAW

The decision of the Commissioner must be affirmed upon review if it was supported by substantial evidence and based upon proper legal standards. 42 U.S.C. § 405(g); *Ukolov v.*

*Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Sand*gathe *v. Chater*, 108 F.3d 978, 979 (9th Cir. 1997).

**ANALYSIS**

After reviewing the medical reports of consulting orthopedic surgeon Dr. Close and Plaintiff's treating physician Dr. Springer, the ALJ stated:

> ...claimant's treating physician, Dr. Roy Springer, has imposed work-related limitation which, if credible, would preclude claimant from performing even unskilled sedentary work on a routine or sustained basis (Exhibits B-10F, 9F, and 8F). Indeed, Dr. Springer has opined that the claimant has been disabled since 1998.
>
> Ordinarily, a treating physician's opinion is entitled to considerable weight. However, an Administrative law Judge is not bound by a treating physician's opinion if that opinion is controverted by substantial evidence in the record and is not supported by the physician's treatment records of objective, clinical findings identified by the treating physician.
>
> Pursuant to the law of the Ninth Circuit Court of Appeals and Social Security Ruling 96-2p, the undersigned rejects the opinion of Dr. Springer for the following reasons: <u>First</u>, his opinion is clearly controverted by substantial evidence in the record; that is, the detailed findings of Dr. Close, as set forth above. <u>Second</u>, Dr. Springer has not cited any objective, clinical findings which would support his assessment of the claimant's physical or mental residual functional capacity, and there is nothing in his treatment records which would warrant such profound limitations. <u>Third</u>, as a Diplomate, American Board of Orthopedic Surgery, Dr. Close clearly has greater expertise in evaluating musculoskeletal impairments than Dr. Springer, for whom no medical speciality has been identified. <u>Fourth</u>, a finding of "disability" is reserved to the Commissioner of Social Security pursuant to Social Security Ruling 96-4p.

(AR 16).

Plaintiff contends that the ALJ erred in rejecting the opinion of her treating physician Dr. Springer that she was disabled without making appropriate findings. Plaintiff contends that it was error for the ALJ to use the diagnostic findings of Dr. Close to reject the opinion of Dr. Springer. Plaintiff asserts that it was improper for the ALJ to use the opinion of Dr. Close to discredit the opinion of her treating physician Dr. Springer and then to reject the opinion of Dr. Close in determining her residual functional capacity. Plaintiff asserts that the medical expert who testified at the hearing coorborated the findings of Dr. Springer. Defendant contends that the ALJ provided the required specific and legitimate reasons for rejecting Dr. Springer's assessment of her physical limitations and his conclusion that Plaintiff was unable to work.

If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1121, 1126 (9th Cir. 2005) quoting *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ stated four reasons for rejecting Dr. Springer's assessment of Plaintiff's physical limitations and his conclusion that Plaintiff was unable to work. (AR 16). The first reason stated by the ALJ is that Dr. Springer's opinion is controverted by substantial evidence in the record, specifically, the opinion of Dr. Close. Dr. Springer and Dr. Close made the same diagnosis in this case but arrived at different conclusions as to Plaintiff's physical limitations. The ALJ rejected the physical limitations assessment of Plaintiff's treating physician Dr. Springer's (e.g.,not able to lift more than 10 pounds) based upon the physical limitations assessment of consultative physician Dr. Close (e.g., able to lift 50 pounds occasionally, 25 pounds frequently). At the hearing, the ALJ then rejected the physical limitations assessment of consultative physician Dr. Close and adopted the assessment of the medical expert upon review of records (e.g., able to lift 5 pounds frequently, 10 pounds occasionally). The Court finds that the ALJ improperly concluded that the physical assessment by Dr. Close provided substantial evidence in the record to reject the physical assessment of Dr. Springer where the ALJ later rejected the physical assessment of Dr. Close when determining Plaintiff's residual functional capacity.

The second reason relied upon by the ALJ to reject Dr. Springer's opinion was that Dr. Springer had not cited objective, clinical findings to support his assessment of Plaintiff's physical limitations. In support of this reason, the ALJ cited only to Dr. Springer's Mental and Physical Assessment dated January 24, 2006 (AR 241-242) and does not refer to Dr. Springer's treatment notes which document her treatment for back and neck pain beginning in 2003. (AR153-184). The third reason stated by the ALJ to reject the assessment of Plaintiff's

treating physician Dr. Springer is "Dr. Close clearly has greater expertise in evaluating musculoskeletal impairments than Dr. Springer." (AR 16). The Court finds that this is not a legitimate reason to reject the assessment of Dr. Springer where the ALJ rejected the assessment of Dr. Close in determining Plaintiff's residual functional capacity.

The fourth and final reason stated by the ALJ for rejecting the opinion of Plaintiff's treatment physician is that findings of disability are "reserved to the Commissioner." (AR 16). The ALJ correctly stated the applicable law. However, this is not a legitimate reason to reject Dr. Springer's assessment of Plaintiff's physical limitations.

The Court concludes that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Springer's assessment of Plaintiff's physical limitations and improperly weighed the medical evidence. The Court concludes that the legal error requires remand and declines to address Plaintiff's additional grounds for relief.

"Generally when a court ... reverses an administrative determination, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 596 (9th Cir. 2004)(quotation omitted). Claimant bears the burden to establish the entitlement to disability at all times. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). The Court cannot conclude that it is clear from the record that the ALJ would be required to find Plaintiff disabled absent the legal error in evaluating the medical evidence.

IT IS HEREBY ORDERED that the Report and Recommendation (Doc. #25) is not adopted; Plaintiff's Motion for Summary Judgment (Doc. #17) is GRANTED; and Defendant's Motion for Summary Judgment (Doc. #22) is DENIED. The Clerk of the Court shall enter judgment in remanding this action to the Defendant for further proceedings.

DATED: September 18, 2008

**WILLIAM Q. HAYES**
United States District Judge